IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALYA MAGILKO BAKER,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>DAVID N. STILL, et al.,<br><br>　　　　Defendant(s). | No. C 06-7456 MEJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.  BACKGROUND

Plaintiff Natalya Magilko Baker is a citizen of Ukraine who entered the U.S. with a K-1 fiancé visa to marry David Baker, an American citizen.  As part of the processing for the K-1 visa, the U.S. Department of State ("DOS") completed the Federal Bureau of Investigations ("FBI") name check and all other relevant security clearances.  (DOS Foreign Affairs Manual, Pl. Opp., Ex. A.) Plaintiff married Baker on July 25, 2005.

On September 11, 2005, Plaintiff filed an I-485 application to adjust her status to that of a lawful permanent resident.  Plaintiff's fingerprints were taken on October 22 and, on January 6, 2006, Plaintiff and her husband were interviewed by Citizenship and Immigration Services ("CIS"). Plaintiff inquired as to the status of her case on June 13, 2006, and learned that it remained pending for the FBI name check.  As set forth in the Declaration of Richard Valeika, a Supervisory District Adjudications Officer at the San Francisco CIS District Office, the name check is still not complete.

1  Plaintiff filed this action on December 6, 2006, asserting jurisdiction under the Mandamus
2 Act and the Administrative Procedure Act ("APA") in conjunction with 28 U.S.C. § 1331. Plaintiff
3 seeks mandamus relief to compel Defendants to adjudicate her application to become a permanent
4 resident based on her marriage.

5  On March 15, 2007, Defendants filed a Motion to Dismiss, arguing that the Court lacks
6 jurisdiction over Plaintiff's complaint and the complaint fails to state a claim for which she is entitled
7 to relief.

## II.   DISCUSSION

9  Defendants assert that this Court lacks subject matter jurisdiction to grant relief. However,
10 under the APA, it is well established that a district court has subject-matter jurisdiction over any
11 sufficiently stated claim for relief. *Gelfer v. Chertoff*, No. C06-6724 2007 U.S. Dist. LEXIS 26466
12 at *3 (N.D. Cal. March 22, 2007) (citing *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65
13 (2004)). To invoke jurisdiction under the APA, Plaintiff must show that (1) CIS had a
14 nondiscretionary duty to act and (2) it unreasonably delayed in acting on that duty. *Id.*; 5 U.S.C. §
15 555(b), 701(a)(2). Once Plaintiff proves a right to relief under the circumstances, it is the Court's
16 duty to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

17  The law gives the Attorney General a clear and non-discretionary duty to decide Plaintiff's
18 application: "The applicant . . . shall be notified of the decision . . . and, if the application is denied,
19 the reasons for the denial." 8 C.F.R. § 245.2(a)(5). Defendants concede that they have a non-
20 discretionary duty to process Plaintiff's application; however, they argue that CIS has full discretion
21 over *when* it makes a decision to approve or deny an application, and that the FBI and CIS are
22 working diligently to take all of the steps necessary to process Plaintiff's application for adjustment
23 of status to that of permanent legal resident. As such, no apparent amount of delay in this process is
24 subject to a district court's review. This order disagrees.

25  Allowing Defendants a limitless amount of time to adjudicate Plaintiff's application "would
26 be contrary to the 'reasonable time' frame mandated under 5 U.S.C.[§] 555(b) and, ultimately, could
27 negate the [CIS's] duty under 8 C.F.R. § 245.2(a)(5). *Gelfer*, 2007 U.S. Dist. LEXIS 26466 at *4

(citing *Singh v. Still*, 470 F.Supp.2d 1064, 1067-68 (N.D. Cal. 2006)). Instead, Defendants have a statutorily prescribed duty "to adjudicate Plaintiff's application 'within a reasonable time' under 5 U.S.C. § 555(b), while giving wide berth to an agency's determination as to what time period is reasonable." *Id.* at *5 (citing *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)).

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper only if it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Here, Defendants fail to show that the delay is reasonable as a matter of law. Plaintiff filed her application almost two years ago. Defendants contend that CIS is proceeding in an orderly fashion with Plaintiff's application, but the large volume of petitions and applications requiring adjudication make the delay unreasonable. This is troubling given that Plaintiff cleared all Defendants' security checks as a condition of receiving her K-1 visa before she entered the country and, according to CIS' own website, as of April 18, 2007, the office was adjudicating applications submitted on October 14, 2006 - more than one year after Plaintiff submitted her application.

Accordingly, the Court does not find Defendants' nearly two-year delay in the adjudication of Plaintiff's application reasonable as a matter of law. However, on this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether it was actually unreasonable under the circumstances. The proper vehicle for this determination is a motion for summary judgment. Although Plaintiff opposed Defendants' motion to dismiss and simultaneously moved for summary judgment with the same noticed hearing date, this does not accord with Civil Local Rule 7-2.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. Due to its procedural defects, Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE. The Court shall conduct a Case Management Conference on June 7, 2007 at 10:00 a.m. in Courtroom B, 15th

Floor, 450 Golden Gate Avenue, San Francisco, California.  The parties shall file an updated joint case management statement by May 31, including a proposed briefing and hearing schedule for summary judgment motions.  As a hearing is unnecessary at this time, the Court VACATES the May 17, 2007 noticed hearing on Defendants' motion.

**IT IS SO ORDERED.**

Dated: May 9, 2007

MARIA-ELENA JAMES
United States Magistrate Judge